KATHLEEN M. RHOADS (SBN: 144466)
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402
Email: krhoads@grsm.com

Attorneys for Defendant
CENTIMARK CORPORATION

**FILED**

AUG 28 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMBER RIDGE HOMEOWNERS ASSOCIATION,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>CENTIMARK CORPORATION,<br><br>Defendant and Counter-Claimant. | CASE NO. 2:16-cv-02858-JAM-AC<br><br>[~~PROPOSED~~] ORDER ON PLAINTIFF TIMBER RIDGE HOMEOWNERS ASSOCIATION'S MOTION FOR SUMMARY ADJUDICATION AND ON DEFENDANT CENTIMARK CORPORATION'S MOTION FOR SUMMARY ADJUDICATION |

On July 31, 2018, at 1:30 p.m. the Honorable John. A Mendez, United States District Judge of the Eastern District of California, heard oral argument on the pending cross-motions for summary adjudication filed by Plaintiff Timber Ridge Homeowners Association ("Plaintiff") and CentiMark Corporation ("Defendant"). Daniel L. Rottinghaus and Seema Kadaba from Berding & Weil, LLP appeared for the Plaintiff. Kathy M. Rhoads and Nicholas D. Karkazis from Gordon Rees Scully Mansukhani, LLP appeared for the Defendant. After hearing, the Honorable John A. Mendez finds:

(1) The parties agree that Defendant is not a joint tortfeasor in this case;

(2) The contract documents identified in Article 5 of the contract constitute one,

-1-

integrated contract;

(3) The contract between the Plaintiff and Defendant was not a take-it-or-leave-it contract;

(4) The Plaintiff and Defendant were not in an unequal bargaining position;

(5) The contract excludes special, incidental, and consequential damages from the Plaintiff's potential recovery;

(6) The Plaintiff's remedies and the Defendant's liability is limited to the Defendant's repair of the roof and the value of the Defendant's services performed under this contract, including the warranty, cannot exceed the original cost of the roofing services to Plaintiff.

The Court declines to make a ruling and will require further briefing at a later date regarding:

(1) Whether the Plaintiff may proceed at trial on negligence and strict liability claims;

(2) What damage is excluded under the consequential damage limitations;

(3) Whether Article 32 of the contract is a first party indemnity provision or a third-party indemnity provision.

As a result of the foregoing, the Court hereby orders as follows:

(1) Plaintiff's motion for summary adjudication is denied in its entirety;

(2) Defendant's motion for summary adjudication is granted on the issues set forth in this Order.

**IT IS SO ORDERED.**

Dated: August 28, 2018

Hon. John A. Mendez
United States District Judge

[Proposed] Order on Timber Ridge Homeowners Association's Motion for Summary Adjudication and on Centimark Corporation's Motion For Summary Adjudication        2:16-cv-02858-JAM-AC